**William R. RICHIE, Appellant,**

v.

**Beverly RICHIE, Appellee.**

Court of Appeals of Kentucky.

March 7, 1980.

Michael J. O'Connell, Louisville, for appellant.

Benjamin Mazin, Louisville, for appellee.

Before COOPER, GUDGEL and LESTER, JJ.

COOPER, Judge.

This is an appeal from portions of a decree of divorce entered by the trial court affecting the respective parties. The issues are: (1) whether the trial court erred in awarding the appellee an open-ended award of maintenance; and (2) whether the trial court erred in the matter of visitation rights as affecting the appellant.

In May of 1978, the appellant, William R. Richie, filed a petition for dissolution of marriage against the appellee, Beverly Richie, to dissolve their marriage of June 1970. Subsequent to the filing, the appellee filed a verified response and counterclaim. No significant property rights were involved in the action below. The main issues involve maintenance and appellant's visitation rights concerning his five-year-old daughter. In its decree of dissolution of marriage entered in June of 1979, the trial court awarded permanent care and custody of the child to the appellee. It further ordered the appellant to pay the appellee $45.00 per week in child support. The appellant does not dispute these findings. Rather, he argues that the trial court erred in ordering him to pay the appellee $20.00 per week in maintenance until further ordered. He also argues that the trial court erred in limiting his visitation rights to alternate weekends at the appellee's residence. Such is the substance of this appeal.

Regarding the maintenance, specific statutory authority exists in enabling the trier of fact to determine the amount and circumstances under which maintenance is appropriate. KRS 403.200 et seq. The trier of fact must look to the amount of marital property awarded to the spouse seeking maintenance, and the spouse's ability to support herself through appropriate employment. A spouse's ability to seek appropriate employment may be affected by the demands of an infant child, or a child who needs constant care or supervision. KRS 403.200(1)(a), (b). Here, the record indicates that the appellee has not worked outside her home since the birth of her infant daughter in 1973. At the time of this action, the appellee was earning approximately $50.00 per week by babysitting in her home. Both parties concede that the appellant and appellee have similar educational backgrounds although the appellee lacks specific job training and experience. The appellee testified that she did not desire to work outside her home so that she could care for her infant daughter. Nevertheless, appellant argues that under the language of KRS 403.200, this is insufficient to allow an open-ended award.

He cites the language in *Casper v. Casper*, Ky., 510 S.W.2d 253 (1974), to argue that the trial court failed to consider the statute in allowing an open-ended award. With this we agree. In light of the evi-

dence, we do not believe an open-ended award is justified. We believe the appellee can, with necessary training, work outside her home and still care for her daughter, especially as her daughter will have entered first grade by this time. Therefore, we direct the trial court to make further findings of fact as to when the appellee can begin work outside her home. The trial court is to specify in its findings of fact how long the award of maintenance should continue.

Secondly, the appellant argues that the visitation rights ordered by the trial court are clearly erroneous and unreasonable. From the record, it is evident that the basis for such an order is the fact that the appellant was living with a woman to whom he was not married. The initial recommendation by a commissioner to the trial court was that the appellant be granted the right to have his daughter stay with him overnight provided that during such times the appellant's live-in companion not be present. Clearly, this recommendation was unworkable and impractical. The trial court subsequently changed this limiting the appellant's visitation rights to alternate weekends at the appellee's home. In light of the fact that both parties were present before the trial court, we do not find this portion of the divorce decree clearly erroneous or unreasonable. Under KRS 403.-320(2), the appellant may at a later date petition the trial court for a change in his visitation rights. Therefore, we will not disturb this finding.

Accordingly, we affirm the trial court as to the appellant's visitation rights. We reverse the finding of the trial court as to the award of maintenance directing it to make further findings of fact consistent with this opinion.

All concur.